■ CAROL GRASSELLINO, Respondent, v XEROX CORPORATION, Defendant-Appellant and Third-Party Plaintiff-Appellant. SECURITIES INDUSTRY AUTOMATION CORPORATION, Third-Party Defendant, and NATIONAL CLEANING CONTRACTORS CORPORATION, Third-Party Defendant-Appellant.—Order, Supreme Court, New York County, entered March 8, 1977, permitting service of a supplemental bill of particulars and increasing the *ad damnum* clause of the complaint, is unanimously reversed, on the law, and in the exercise of discretion, and plaintiff's motion to permit such service and increase the *ad damnum* clause of the complaint is denied, without costs and without disbursements. In this personal injury case, plaintiff sought to amend the *ad damnum* clause of the complaint from $100,000 to $500,000. This application

was made within days of the case's scheduled appearance for trial, nine months after filing the note of issue and statement of readiness, and at least six months after the last significant doctor's examination, and three and one-half years after the original accident. There is no showing that the extent of plaintiff's injuries was not substantially known when the action was begun and the original complaint served December 19, 1973, and fully described in the original bill of particulars, served in May, 1974. It is true that the amended bill of particulars brings up to date the amount of lost earnings, increasing them by $10,000, and perhaps over the years plaintiff's inability to continue to work as a secretary has become clearer. But these factors were all known long ago and there is no excuse for the inordinate delay in the application to amend, especially as it would appear that the amount originally sued for is probably sufficient to cover compensation to the plaintiff for her injuries; certainly nothing in the papers justifies a request for quintupling the amount sued for. Concur—Kupferman, J. P., Lupiano, Silverman and Markewich, JJ.